THE STATE, DEFENDANT IN ERROR, v. JOSEPH THOME, PLAINTIFF IN ERROR.

Submitted July 8, 1912—Decided November 18, 1912.

On error to the Supreme Court, in which the following opinion was filed:

PER CURIAM.

The writ of error in this case is directed to the conviction of the defendant on an indictment for rape. The complaining witness and the defendant each testified, the one detailing the occurrence and the other denying it. The judge, in his charge, after commenting upon this evidence, said: "I think you will agree with me that it is impossible to believe that these two people are telling you the truth; therefore you have got to come to the conclusion that if the story of the one person is true, the story of the other is false: therefore, who is telling the truth? If the defendant is, you ought to acquit him, and then you have got to conclude that the girl is lying, and if the girl is telling the truth you have got to convict the defendant."

I think this was proper argument and comment on the part of the court. There can hardly be room for the jury to find the truth in neither version, concerning forcible sexual intercourse.

The court charged: "There has been, both on the part of the defence and the state, a question as to whether or not the girl and the defendant have told on other occasions the same story they have told you under oath, and the reason for bringing that out is to test their credibility."

It is said that this was injurious to the defendant, because the defendant had not told on other occasions other stories. It is sufficient to remark that the record reveals such testimony.

The court charged with reference to the divergent stories, that if the jury believed that the girl or the defendant had

gone upon the stand and testified untruthfully, the question is, did they do that willfully or through mistake; if the former, it goes to shake their credibility, but if through an honest mistake, it would not have that effect. If this is to be considered, it must be in virtue of the general exception taken to the charge. No error, however, has been assigned "upon any portion of the charge" which would embrace or bring the above instruction under review. *State* v. *MacQueen,* 40 *Vroom* 476.

The comment of the court upon the evidence as to the good reputation of the defendant was proper. Reputation could not prevail against a belief that the defendant committed the offence. The judge, however, told the jury that it was proper to consider this, and it might be sufficient to raise a reasonable doubt, and so lead to an acquittal. There was no error in these instructions.

The witnesses called to testify to defendant's reputation appeared to be ignorant of it in the community where the defendant lived. Their testimony was properly excluded.

The judgment should be affirmed.

For the plaintiff in error, *Sommer, Colby & Whiting.*

For the defendant in error, *Wilbur A. Mott,* prosecutor of the pleas, and *Frederick R. Lehlbach,* assistant prosecutor of the pleas.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* opinion in the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ.  11.